Owen F. LYONS, Plaintiff, Appellant,

v.

James L. SULLIVAN, etc., et al.,
Defendants, Appellees.

No. 79–1077.

United States Court of Appeals,
First Circuit.

Submitted May 11, 1979.

Decided June 29, 1979.

Certiorari Denied Oct. 1, 1979.
See 100 S.Ct. 159.

Owen F. Lyons, on brief pro se.

Russell B. Higley, Cambridge, Mass., on brief for defendants-appellees.

Before COFFIN, Chief Judge, CAMP-BELL and BOWNES, Circuit Judges.

PER CURIAM.

Plaintiff appeals from the district court's dismissal of his complaint for failure to state a claim upon which relief may be granted.

Plaintiff's complaint, liberally construed, alleges the following. Plaintiff, a tenured teacher in the Cambridge public school system, was called to a conference with the Superintendent and his aides on September 8, 1976. The Superintendent informed him that the City Manager had furnished him a copy of plaintiff's brief filed in plaintiff's medical malpractice action[1] against the Cambridge Hospital and three physicians thereof, *Lyons v. Fagan*, No. 75–3845–M (D.Mass.1975) and had stated that this brief indicated plaintiff's need for psychiatric care and his unfitness to teach Cambridge youngsters. The Superintendent acknowledged that he, along with plaintiff's teaching supervisors, had regarded plaintiff's personal behavior and teaching performance as satisfactory, but would now require, as a precondition to plaintiff's continued employment, that plaintiff place himself in the care of a psychiatrist and obtain certification from the psychiatrist of his fitness to teach. Plaintiff protested that this condition was unjustified and unlawful whereupon the Superintendent pointed to a paragraph of "a State publication on the rules and regulations in the administration of the public schools . . . which empowers the Superintendent to remove teachers from employment if their personal or professional behavior leaves no doubt that psychiatric care is necessary."[2]

Plaintiff alleges that "the Superintendent's intention was quite clear to the plaintiff, i. e. he was being dismissed by means of accusatory demands . . ." To avoid the full impact of dismissal, plaintiff requested a leave of absence which was granted. Subsequently plaintiff resigned "under protest 'then pending before the United States Supreme Court' " in order to withdraw his contribution to the retirement fund which he needed to meet living expenses.

This action is brought against the City Manager, Superintendent, and School Committee. Plaintiff contends (1) that he was deprived of property, his tenured teaching position, without due process in violation of the fourteenth amendment; (2) that his dismissal was in retaliation for his suing his employer, the City of Cambridge,[3] in the malpractice action and that this retaliation violates his first amendment free speech rights and his constitutional right of access to the courts; (3) that he was stigmatized, labeled as one in need of psychiatric care, in violation of the fourteenth amendment; and (4) that said stigma was inflicted with purpose to impede plaintiff's prosecution of the malpractice action in violation of his constitutional right of access to the courts. The question on appeal is whether plaintiff has alleged sufficient facts to state a right of action under 42 U.S.C. § 1983.

■ 1. Plaintiff first argues that he has stated a claim for deprivation, without due process, of his constitutionally protected property interest as a tenured teacher since he was dismissed without compliance with Mass.Gen.Laws c. 71 §§ 42, 42D, which set forth the procedures for the dismissal and suspension of tenured teachers. Plaintiff's argument is based on the premise that he was suspended or dismissed. The factual

---

**1.** Plaintiff's extraordinary complaint in that action, filed in the District Court for the District of Massachusetts, seems to proceed on the theory that he had been the unwitting victim of a complete sexual reorganization resulting in sexual and excretory problems and sensations that are described therein in explicit and bizarre detail. The malpractice action was dismissed for lack of jurisdiction and the papers were ordered impounded. We affirmed the dismissal. *Lyons v. Fagan*, No. 76–1404 (1st Cir. Oct. 18, 1976).

**2.** Neither party has furnished us a copy of this regulation, if it exists, and we do not pass upon it. Plaintiff does not challenge the validity of such a regulation, only the interpretation accorded it by defendants. Plaintiff apparently believes only classroom behavior observed by teaching supervisors can supply the basis for removal under the regulation.

**3.** None of the present defendants nor the City of Cambridge were made defendants in the malpractice action. The malpractice complaint states that the Cambridge Hospital, which was a defendant in the malpractice action, is completely dependent upon city, state, and federal government for its financing. Plaintiff apparently feels that an action against the hospital was equivalent to an action against the city.

allegations, however, do not support this premise. While plaintiff alleged that it was clear to plaintiff that the Superintendent intended to dismiss him if he failed to obtain certification from a psychiatrist of his fitness to teach, plaintiff also plainly stated that he asked for a leave of absence and then later resigned. Thus, plaintiff's actions precluded the Superintendent's and School Committee's need to resort to the removal procedure which, in turn, would have invoked the procedural protections set forth in Mass.Gen.Laws c. 71, §§ 42, 42D.

■■ Nor do the facts alleged support plaintiff's contention that § 42D's prohibition against the interrogation of a teacher prior to "any notice given to him relative to a hearing on suspension unless he is notified of his right to be represented by counsel during any such investigation" was violated. Plaintiff has not stated what if any questions were directed to him, nor was it necessary for the Superintendent to interrogate him in order to inform him that he must obtain psychiatric certification of fitness to teach as a condition to further employment. *Wishart v. McDonald*, 500 F.2d 1110, 1112 n. 3 (1st Cir. 1974). In any event, the facts alleged do not indicate plaintiff was suspended, let alone that any constitutional right to due process was violated.

■ We see no constitutional infirmity in the course of conduct the Superintendent allegedly pursued. Rather than immediately setting the formal procedure for suspension or removal in operation, he presented plaintiff with a more moderate option which, depending on the psychiatrist's opinion, might forestall plaintiff's removal. We see nothing constitutionally wrong with this option in the circumstances set forth. One cannot read the papers in plaintiff's malpractice action referenced in the current complaint without concluding that the Superintendent had a reasonable basis for questioning plaintiff's mental condition. Mental instability to the degree suggested

by the allegations therein might have constituted a ground for dismissal of a tenured teacher under Mass.Gen.Laws c. 71, § 42. After rejecting this option, plaintiff requested a leave of absence which was granted and later resigned. Plaintiff cannot complain that the formal removal procedure was not instituted since he, by his own actions, precluded resort to said procedure.

■ 2. Plaintiff's second theory, that he was dismissed in retaliation for an exercise of his constitutional rights, pursuing his malpractice action, suffers from the same faulty premise—the facts alleged do not constitute a dismissal.

■ Similarly, we reject plaintiff's related claim that defendants cannot properly use statements plaintiff made in a court proceeding as a basis for requiring a psychiatric examination. Statements uttered or conduct performed outside of the classroom may be considered in termination decisions without automatically offending first amendment rights. *Megill v. Board of Regents*, 541 F.2d 1073 (5th Cir. 1976); *Wishart v. McDonald*, 500 F.2d 1110 (1st Cir. 1974). There is no reason why a different standard should apply to the statements this plaintiff made in his malpractice complaint. The statements in the malpractice complaint pertaining to plaintiff's alleged medical condition are not statements on issues of public concern, as in *Pickering v. Board of Education*, 391 U.S. 563, 88 S.Ct. 1731, 20 L.Ed.2d 811 (1968), which may not furnish the basis for dismissal from public employment absent proof the statements were false and knowingly or recklessly made.

■ At most, then, plaintiff has alleged that special conditions of employment, submission to psychiatric care and obtainment of certification of fitness to teach, were imposed upon him in retaliation for the exercise of his constitutional right of access to the courts.[4] Plaintiff has not stated a

---

4. The complaint alleges "the Superintendent has abused his discretionary authority, using it as a punitive power to attack the personal qualifications of the plaintiff as a teacher, together with his activities as a private citizen petitioning the Court for redress of grievous injury."

cause of action. The Superintendent's actions (apart from his alleged motivation) were constitutionally unobjectionable; even plaintiff admits that the Superintendent had the authority to pursue the more drastic alternative of removal. *See* notes 2, 4, *supra.* Plaintiff does not state a cause of action by merely adding a subjective assertion that the conduct, which we find facially unexceptionable and quite reasonable given plaintiff's bizarre and extraordinary malpractice complaint,[5] was improperly motivated. *See Kadar Corporation v. Millbury,* 549 F.2d 230, 236 (1st Cir. 1977) (specific facts in support of an allegation of bad faith need to be stated where the official action challenged is unexceptional on its face).

3. Nor has plaintiff sufficiently alleged a deprivation of a liberty interest in his reputation. Plaintiff claims that he has been inaccurately branded as one in need of psychiatric care in violation of the fourteenth amendment.

Defamation by a governmental official, standing alone, does not work a deprivation of liberty protected by the fourteenth amendment. *Paul v. Davis,* 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976); *Rodriquez de Quinonez v. Perez,* 596 F.2d 486 (1st Cir. 1979). While defamation in the course of termination of governmental employment does entitle an employee to procedural due process protection, an opportunity to refute the stigmatizing charge, *Codd v. Velger,* 429 U.S. 624, 627, 97 S.Ct. 882, 51 L.Ed.2d 92 (1977), the facts alleged do not bring plaintiff within this rule since plaintiff's employment was not terminated; plaintiff resigned.[6]

4. Plaintiff's fourth claim, that the stigma was inflicted with purpose to impede plaintiff's prosecution of the malpractice claim, is subject to the deficiencies just discussed with respect to plaintiff's third claim. Aside from these insufficiencies, there is a problem with the logic of plaintiff's allegations. Plaintiff alleged that the Superintendent and City Manager, knowing that plaintiff had been unable to find a lawyer to handle his malpractice action and that "any person under psychiatric care is automatically prevented from acting pro se before the Courts," "deliberately misinterpreted the State regulation in order to demand submission to psychiatric care as the price of employment" and thereby thwart plaintiff's malpractice action. The mere condition of being under psychiatric care, however, does not incapacitate a person from prosecuting a suit. Thus, even had defendants succeeded in their alleged conspiracy to require plaintiff to submit to psychiatric care, the alleged objective, "the end of the plaintiff's pro se prosecution of his case," does not follow.

We agree with the district court that plaintiff has failed to state a claim upon which relief may be granted.

*Affirmed.*

---

**5.** *See* note 1, *supra.*

**6.** There is a further deficiency in plaintiff's attempt to state a deprivation of a liberty interest: plaintiff did not allege that the defendants' charges were made public. A communication which is not made public "cannot properly form the basis for a claim that petitioner's interest in his 'good name, reputation, honor, or integrity' was thereby impaired." *Bishop v. Wood,* 426 U.S. 341, 348, 96 S.Ct. 2074, 2079, 48 L.Ed.2d 684 (1976). According to plaintiff's complaint, the demand that plaintiff submit to psychiatric care was made at a conference attended by plaintiff, the Superintendent, and the Superintendent's aides. Plaintiff alleged that "[o]n the basis of the Superintendent's demands alone the employability of the plaintiff is reduced to zero, no other school department or employer offering related employment would take a chance on a candidate labeled 'in need of psychiatric care.'" Missing is any statement that the Superintendent or any other defendant has publicly so labeled plaintiff.