John M. **KOELSCH** and Connie **Koelsch, Plaintiffs,**

v.

The **TOWN OF AMESBURY**, James N. **Thivierge**, Edward M. **Lynch, Jr.,** and Sally A. **McKay, Defendants.**

Civ. A. No. 93–12396–PBS.

United States District Court, D. Massachusetts.

May 17, 1994.

M. Donna Mandriota, Bradshaw and Associates, Newburyport, MA, for plaintiffs.

Everett J. Marder and Joseph L. Tehan, Jr., Kopelman & Paige, P.C., Boston, MA, for defendants.

## CORRECTED MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS [1]

SARIS, District Judge.

### INTRODUCTION

Plaintiff John Koelsch ("Koelsch"), the Amesbury Town Manager, brought this action under 42 U.S.C. § 1983 against his employer, the Town of Amesbury (the "Town"), alleging that he was deprived of his protected constitutional right in his employment contract and his reputation without due process of law when the Board of Selectmen (the "Board") conducted a disciplinary hearing in August of 1993 concerning his performance as Town Manager. He also claims a violation of his equal protection rights.

Koelsch also asserts pendant state law claims against defendant Town and the individual defendants James N. Thivierge ("Thivierge"), Edward M. Lynch, Jr. ("Lynch"), and Sally A. McKay ("McKay"), the Town's Selectmen, for breach of contract, defamation, negligent and intentional infliction of emotional distress, and interference with contract arising from other events connected to the hearing. His wife, Connie Koelsch, seeks damages for loss of consortium. Defendants move to dismiss the complaint, as amended, under Fed.R.Civ.P. 12(b)(6).[2] For the reasons set forth below, the motion is **ALLOWED** with respect to the claim under 42 U.S.C. § 1983. The remaining pendant claims arising under state law are dismissed without prejudice.

1. This Memorandum and Order was amended to reflect *Leatherman v. Tarrant County Narcotics and Intelligence Coordination Unit,* —— U.S. ——, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993) (rejecting a heightened pleading standard in civil rights cases alleging municipal liability), although that case has not affected the outcome of this decision.

2. Although the motion to dismiss addresses the original complaint, the Court allowed the motion to amend the complaint and counsel agreed that the motion to dismiss would be decided with respect to the amended complaint.

## BACKGROUND

For purposes of this motion, the court accepts as true the following allegations set forth in the amended complaint. The Court has also taken into account the attachments to the amended complaint, and has taken judicial notice of the Town of Amesbury Charter (the "Charter"). *See D.P. Technology Corp. v. Sherwood Tool, Inc.,* 751 F.Supp. 1038, 1039 (D.Conn.1990) (matters of public record and exhibits attached to the complaint may be taken into account in determining whether to grant a Rule 12(b)(6) motion).

On September 14, 1992 Koelsch entered into a three-year written contract of employment as Town Manager with the Town.[3]

During a Board meeting on May 3, 1993, several Selectmen publicly criticized plaintiff's decision to appoint Dick Bowley to be Acting Town Manager while he was on vacation. Following the Board meeting, in a private meeting, Selectman Thivierge also criticized Koelsch for "creating turmoil" and engaging in "sexual harassment." On May 9, 1993, Koelsch wrote to the Chairman of the Board, Donald St. Marie, responding to the criticism concerning Bowley and demanding specific information on the other charges.

On June 9, 1993, Koelsch sent a follow-up letter to Thivierge, who had since become Chairman, demanding a response to his May 9, 1993 letter. After the Board again failed to respond, on July 1, 1993 Koelsch's attorney wrote a letter to Thivierge threatening legal action against Board members individually should "individual members of the Board continue to act beyond the scope of their authority and proceed in a manner intended to interfere with Mr. Koelsch's contract with the Town of Amesbury." The letter further indicated that Koelsch was aware that the Board considered suspending him at the July 1, 1993 meeting if it became dissatisfied with his handling of a waste management contract. Koelsch requested the opportunity to work with the Board on a comprehensive work plan.

On July 12, 1993, Thivierge sent Koelsch a letter indicating that he could be suspended for up to forty-five days if the Board adopted a preliminary resolution of removal. This triggered another response from plaintiff's attorney on July 14, 1993 demanding written notice of the charges, as required by the employment agreement (the "Agreement").

On July 19, 1993, Thivierge, Lynch and McKay published, broadcast, and telecast a variety of charges against plaintiff, including allegations that he used fraudulent methods on the job, threatened and harassed employees, was negligent and acted unlawfully.

On August 17, 1993 the Town began a public disciplinary hearing, to review misconduct charges levelled against Koelsch. At the commencement of that hearing, the Board adopted a Preliminary Resolution of Removal[4] under the Charter. At all times during the Town Manager's suspension in the summer and fall, 1993, the Town Manager received his usual compensation.[5]

During the hearing, Selectman Edward M. Lynch accused Koelsch of lying under oath. The disciplinary hearing itself was public and covered by the media. Defendants Thivierge, Lynch, and McKay made some of the charges during those public meetings.

---

3. Section 3 of the agreement provides:

"Employer may suspend the Employee with full pay and benefits at any time during the term of this agreement but only if:
   1) a majority of the Board and Employee agree, or
   2) after a public hearing a majority of Board votes to suspend Employee for just cause provided, however, that Employer shall be given written notice setting forth any charges at least ten days prior to such hearing by the Board members bringing such charges."
Section 4(E) provides: "The process of termination shall be as outlined in Section 4–4 of the Town of Amesbury Charter."

4. Article 4–4 provides, among other things,:

   (a) "The board of selectmen shall adopt a preliminary resolution of removal by the affirmative vote of a majority of all of its members which must state the reason or reasons for removal. This preliminary resolution may suspend the town manager for a period not to exceed forty-five days."

5. Although this fact is not alleged, plaintiff conceded it in his brief.

Koelsch was never terminated and continues as Town Manager.

## DISCUSSION

Under Fed.R.Civ.P. 12(b)(6), a complaint should not be dismissed unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Roeder v. Alpha Indus., Inc.,* 814 F.2d 22, 25 (1st Cir.1987) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)). The court must accept the factual averments of the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See Coyne v. City of Somerville,* 972 F.2d 440, 442–43 (1st Cir.1992).

### 1. *Due Process*

Koelsch claims that the events leading up to and including the disciplinary hearing denied him due process in violation of the Fourteenth Amendment. *See City of Canton v. Harris,* 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989) (a municipality can be found liable under § 1983 only where the municipal policy or custom causes the constitutional deprivation). *See e.g., Miller v. Town of Hull,* 878 F.2d 523, 533 (1st Cir. 1989) (town and members of the Board of Selectmen liable under § 1983 for removing public employees in violation of their first amendment rights). In accordance with the requirements for a due process claim, Koelsch must also allege that the protected interests he claims were interfered with fall within the definition of property or liberty and that the alleged loss amounted to a deprivation. *Parratt v. Taylor,* 451 U.S. 527, 537, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

■■■ Koelsch claims that the Town deprived him of three constitutionally protected property or liberty interests: 1) his employment contract; 2) his right to pursue his chosen area of work; and 3) his reputation. The first two may be disposed of summarily. Where an employee has a contractual right to continued government employment, his employment interest is protected by the due process clause of the Fourteenth Amendment of the United States. *See generally Board of Regents of State Colleges v. Roth,* 408 U.S.

564, 576, 92 S.Ct. 2701, 2708, 33 L.Ed.2d 548 (1972) ("*Roth*"). Since Koelsch remains in his job as Town Manager, however, the complaint on its face fails to allege that he was deprived of an identifiable property interest. *Lyons v. Sullivan,* 602 F.2d 7, 9–10 (1st Cir.), *cert. denied,* 444 U.S. 876, 100 S.Ct. 159, 62 L.Ed.2d 104 (1979).

A public employee's suspension with pay does not implicate a constitutionally protected property interest. *Pierce v. Engle,* 726 F.Supp. 1231, 1237 (D.Kan.1989). *Cf. Rodriguez de Quinonez v. Perez,* 596 F.2d 486, 487 (1st Cir.1979) (directorship in a state bank which did not pay plaintiff a salary was not a property interest within the meaning of the fourteenth amendment), *cert. denied,* 444 U.S. 840, 100 S.Ct. 78, 62 L.Ed.2d 51 (1979) ("*Rodriguez*").

■■■ Plaintiff appears to complain that he was suspended under the provisions of the Charter, which does not require advance notice of the reasons for suspension with pay, rather than the provisions of the Agreement, which does. However, the Town followed the procedure recommended in *Cleveland Board of Education v. Loudermill,* 470 U.S. 532, 105 S.Ct. 1487, 84 L.Ed.2d 494 (1985) ("*Loudermill*"), which directs public employers, "in those situations where the employer perceives a significant hazard in keeping the employee on the job," to suspend an employee who poses a threat to the workplace with pay, prior to the time the pretermination hearing is held. *Id.* at 544–45, 105 S.Ct. at 1494–95. *See Irizarry v. Cleveland Public Library,* 727 F.Supp. 357, 364 (N.D.Ohio 1989). While *Loudermill* provides that a tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence and an opportunity to respond prior to termination, it does *not* require these procedures prior to suspension with pay.

■■■ With respect to the third protected interest, damage to one's reputation is not "by itself sufficient to invoke the procedural protection of the Due Process Clause," although loss of reputation, coupled with some other tangible element, may rise to the level of a protectible liberty interest. *Paul v.*

*Davis,* 424 U.S. 693, 701, 96 S.Ct. 1155, 1160, 47 L.Ed.2d 405 (1976); *see Roth,* 408 U.S. at 573, 92 S.Ct. at 2707 ( [G]overnment employee's liberty interest would be implicated if he were dismissed based on charges that imposed "on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities."); *Owen v. City of Independence,* 445 U.S. 622, 633 n. 13, 100 S.Ct. 1398, 1406 n. 13, 63 L.Ed.2d 673 (1980).

■ While defamation by a governmental official, standing alone, does not work a deprivation of liberty protected by the fourteenth amendment, governmental action altering a right or status previously held under state law "combined with the injury resulting from the defamation, justifie[s] the invocation of procedural safeguards." *Rodriguez,* 596 F.2d at 489, citing *Paul v. Davis,* 424 U.S. 693, 708–09, 96 S.Ct. 1155, 1164, 47 L.Ed.2d 405 (1976). The First Circuit has adopted the "stigma-plus" test:

> "To establish a liberty interest sufficient to implicate fourteenth amendment safeguards, the individual must be not only stigmatized, but also stigmatized in connection with a denial of a right or status previously recognized under state law."

*Rodriguez,* 596 F.2d at 489, citing *Dennis v. S. Cons. Rural High School District,* 577 F.2d 338, 341 (5th Cir.1978). Although the complaint does allege that the charges against Koelsch were public, and his reputation was damaged, it does not allege that Mr. Koelsch was stigmatized in connection with a denial of a right or status previously recognized under state law. An allegation that a defamation impairs future employment opportunities does not suffice to state a claim of deprivation of a constitutionally protected interest. *Siegert v. Gilley,* 500 U.S. 226, 233, 111 S.Ct. 1789, 1794, 114 L.Ed.2d 277 (1991). Koelsch was not terminated or his employment rights affected, and he continues as Town Manager to this day. *Compare Lyons v. Sullivan,* 602 F.2d at 11 (no deprivation of liberty interest where tenured teacher claimed he had been wrongly branded as needing psychiatric care, and voluntarily resigned from his job).

### 2. Equal Protection

■ Count II of the Amended Complaint also asserts in conclusory fashion that in implementing the policies of the Charter, the Town "arbitrarily and capriciously treated Mr. Koelsch differently from the manner in which prior Town Managers and other town employees were treated." He alleges that "other employees" charged "with breaches of duty or wrongdoing" had the benefit of having charges specified in detail prior to the hearing, had witnesses and documents identified in advance, and had hearings before impartial hearing officers.

■ The Equal Protection Clause requires that no state "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV. To survive scrutiny, an equal protection claim must be based upon a challenge to a legislative or administrative scheme or state promulgated rule, or upon an unconstitutional application of such laws or rules. *Bettio v. Village of Northfield,* 775 F.Supp. 1545, 1570 (N.D.Ohio 1991). *See also Charles v. Baesler,* 910 F.2d 1349, 1356 (6th Cir.1990) (*"Charles"*) (the Fourteenth Amendment's Equal Protection Clause prohibits among other things discriminatory administration of a law neutral on its face); *Hatcher v. Greater Cleveland Regional Transit Authority,* 746 F.Supp. 679, 689 (N.D.Ohio 1989), aff'd. 911 F.2d 732 (1990) (*"Hatcher"*). A claim merely based upon the *ad hoc* actions taken by government officials against an employee personally is insufficient. *Hatcher,* 746 F.Supp. at 690. "A violation of equal protection occurs when the government treats someone differently than another who is similarly situated." *Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, Kan.,* 927 F.2d 1111, 1118 (10th Cir.1991).

Here, plaintiff does not allege that the other town managers and employees who allegedly received better procedures in disciplinary proceedings were similarly situated. Moreover, as Koelsch failed to allege that any *specific* town employees were treated differently, there is no basis for his equal protection claim. *Chilingirian v. Boris,* 882 F.2d 200, 206 (6th Cir.1989); *Bettio,* 775 F.Supp. at 1570. Plaintiff also does not allege that the Board intentionally discrimi-

nated against him because of membership in a protected class. *Lipsett v. University of Puerto Rico,* 864 F.2d 881, 896 (1st Cir.1988); *Johnson v. Morel,* 876 F.2d 477, 479 (5th Cir.1989) (en banc).

While the complaint does allege discriminatory treatment with respect to the specificity of the advance notice and the kind of hearing officer other employees received, it does not allege that any specific provisions of the Charter, or even the Agreement, were applied in discriminatory fashion or that the Board administered them with a "discriminatory intent or purpose." *Charles,* 910 F.2d at 1356–57. Negligent, even *ad hoc,* misapplication of local law is a far cry from intentional, invidious discrimination. *Id.* At best the complaint alleges that Koelsch was treated one way and others another in disciplinary hearings, which has never been thought to raise an equal protection claim.[6] *Id.*

### 3. *Pendant Claims*

■ Koelsch's due process and equal protection claims provide the sole basis for him to allege federal question jurisdiction. Under 28 U.S.C. § 1367 (1976 & Supp.1992) the court has discretion over whether to exercise supplemental jurisdiction where it has dismissed all the claims over which it had original jurisdiction. *Mercado–Garcia v. Ponce Federal Bank,* 979 F.2d 890, 896 (1st Cir. 1992). Accordingly, Koelsch's state law claims as well as plaintiff Connie Koelsch's derivative loss of consortium claim are dismissed without prejudice.

### *ORDER*

Count II, alleging a civil rights violation pursuant to 42 U.S.C. § 1983, is **DISMISSED** for failure to state a claim. The remaining state law claims are dismissed without prejudice for lack of subject matter jurisdiction.